# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

HASAAN RAKEEM HAGLER,

                  Plaintiff,

v.                                                          CIVIL ACTION NO. 3:19-0545

WSAZ NEWSCHANNEL 3,

                  Defendant.

## MEMORANDUM OPINION AND ORDER

This cases arises from a news article published in July 2019 by defendant WSAZ NewsChannel 3. *See* ECF Nos. 2, 8-3. The article reported that plaintiff Hasaan Rakeem Hagler was arrested and charged with four counts of first-degree sexual assault. *Id.* Hagler subsequently filed this pro se defamation suit. ECF No. 2. WSAZ filed a motion to dismiss, and Magistrate Judge Cheryl A. Eifert issued her Proposed Findings and Recommendations ("PF&R") on January 15, 2020. ECF Nos. 8, 17. She concluded Hagler failed to state a claim for defamation and recommended dismissing his complaint. ECF No. 17, at 12–13. Now pending are Hagler's objections to the PF&R. ECF No. 18.

In reviewing objections to a PF&R, the Court must review those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court need not review factual and legal conclusions to which a party does not object. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor must the Court review *de novo* "general and conclusory" objections; instead, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The Court

possesses wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

Hagler's objections essentially repeat his criticisms of how WSAZ narrated its story. "If WSAZ wanted to report the story, it could have been done without going into detail and specifics," he says. ECF No. 18, at 2. Specifically, Hagler reiterates his criticism of WSAZ for stating he was arrested on July 5, for omitting that he pleaded innocent, and for stating that he "allegedly held a carpet cutter-type knife." *See* ECF No. 8-3. These three details, he argues, put him in a more negative light with readers. ECF No. 18, at 2. However, Magistrate Judge Eifert already addressed each of these in detail. The article's inaccurate statement that Hagler was arrested on July 5 when he in fact turned himself in on July 10 does not constitute falsity because it is only a minor inaccuracy. ECF No. 17, at 9–10. "Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified." Syl. pt. 4, *Suriano v. Gaughan*, 480 S.E.2d 548 (W.Va. 1996). The undeniable substance of the article was that Hagler was now in custody and faced four counts of sexual assault. Whether he was arrested or voluntarily turned himself has no legal consequence, and the distinction would not reasonably produce a different effect in readers' minds. *Id.* ("A statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced."). The article's failure to mention that Hagler claimed innocence also does not constitute falsity because it is only an omission; there is no false statement. Finally, the description of the knife came from Hagler's criminal complaints, so the statement is protected by the fair report privilege. ECF No. 8-1; ECF No. 17, at 11–12. Whether or not the court ultimately determines a knife was involved in the incident is of no consequence to WSAZ's ability to report that alleged detail. ECF No. 17, at 11; *Cruse v. Frabrizio*, No. 3:13-cv-18768, 2014 WL 3045412, at *2–3 (S.D.W. Va. July 2,

2014) (stating that if a statement falls within the fair report privilege, it is unnecessary to evaluate whether the information is false).

The Court therefore **OVERRULES** Hagler's objections and **ADOPTS AND INCORPORATES HEREIN** the PF&R. Accordingly, the Court **GRANTS** WSAZ's Motion to Dismiss Plaintiff's Complaint, ECF No. 8, and **DISMISSES** this case from its docket. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:    April 1, 2020

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE